IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00200-PAB-CBS

ADAM SKAGGS, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

LEVEL 3 COMMUNICATIONS, INC.,
KEVIN J. O'HARA,
ERIC J. MORTENSEN,
JAMES Q. CROWE, and
SUNIT S. PATEL,

    Defendants.
_____

Civil Action No. 09-cv-00215-MSK

JOHN S. BURKE, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

LEVEL 3 COMMUNICATIONS, INC.,
JAMES Q. CROWE,
KEVIN J. O'HARA, and
SUNIT S. PATEL,

    Defendants.
_____

Civil Action No. 09-cv-00296-MSK-MEH

MARILYN A. IDES, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

LEVEL 3 COMMUNICATIONS, INC.,
KEVIN J. O'HARA,
ERIC J. MORTENSEN,
JAMES Q. CROWE, and
SUNIT S. PATEL,

    Defendants.
_____

**ORDER CONSOLIDATING CASES**
_____

This matter is before the Court *sua sponte*. This case is one of three related cases pending in this District. The other two cases, *Burke v. Level 3 Communications, Inc.*, Case No. 09-cv-00215-MSK, and *Ides v. Level 3 Communications, Inc.*, Case No. 09-cv-00296-MSK-MJH, are presently before Judge Krieger. After careful review of the pleadings in each of these cases and for the reasons detailed below, I conclude that consolidation is appropriate under Federal Rule of Civil Procedure 42(a).

**I. FACTUAL BACKGROUND**

Plaintiff Skaggs filed the instant action on February 2, 2009. It is a class action alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) & 78t(a), and Rule 10b-5 promulgated by the Securities and Exchange Commission (the "Commission"), 17 C.F.R. § 240.10b-5. The complaint alleges that certain public quarterly and annual disclosures filed by

2

defendants with the Commission between October 2006 and October 2007 contained false and misleading representations or omissions. Plaintiff alleges in turn that such alleged misrepresentations or omissions harmed him and a class of persons who invested in the stock of Level 3 Communications, Inc. between the time period of February 8, 2007 and October 23, 2007.

## II. ANALYSIS

Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." Fed. R. Civ. P. 42(a)(2). Under Rule 42(a), a district court may consolidate related cases *sua sponte*. *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999). The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. American Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. Wright & A. Miller, Federal Practice & Procedure § 2381 at 427 (2nd ed.1995)). I therefore consider both judicial economy and fairness to the parties in the exercise of my discretion under Rule 42(a). *See Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).

Here, the three cases in question involve essentially identical questions of law and substantially similar facts. Plaintiffs in each of these cases allege identical claims

3

under the Exchange Act and Rule 10b-5. The defendants are identical in this case and in *Ides*, Case No. 09-cv-00296, while in *Burke*, Case No. 09-cv-00215, one individual is omitted as a defendant. The class period in each case is the same. Moreover, all three complaints cite substantially the same public statements as a basis for their securities fraud claims. As a number of federal courts have recognized, "consolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and reports." *Glauser v. EVCI Career Colleges Holding Corp.*, 236 F.R.D. 184, 186 (S.D.N.Y. 2006) (internal quotation marks omitted).

Turning to considerations of judicial economy and fairness to the litigants, I find further support for immediate consolidation of these actions. The interest of judicial economy is unquestionably served by consolidation in this instance because it will eliminate the need for various judicial officers to address and rule on substantially the same issues in three different cases. Similarly, defendants stand to benefit from responding to filings in only one case rather than three. And plaintiffs are not prejudiced by consolidation because the selection of lead plaintiff and lead counsel will proceed in accordance with the provisions of the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4, regardless of whether this litigation proceeds as one case or three.

## III. CONCLUSION

The Court concludes that consolidation is warranted based on the existence of common questions of law and fact and consolidates the three class actions, *Skaggs v. Level 3 Communications, Inc.*, 09-cv-00200-PAB-CBS, *Burke v. Level 3*

4

*Communications, Inc.*, 09-cv-00215-MSK, and *Ides v. Level 3 Communications, Inc.*, 09-cv-00296-MSK-MEH, under the caption "*In re Level 3 Communications, Inc. Securities Litigation*." Accordingly, it is

**ORDERED** that, pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1, Civil Action Nos. 09-cv-00200-PAB-CBS, 09-cv-00215-MSK, and 09-cv-00296-MSK-MEH, shall be consolidated for all purposes. It is further

**ORDERED** that, pursuant to D.C.COLO.LCivR 42.1, Civil Action Nos. 09-cv-00215 and 09-cv-00296 shall be assigned to Judge Philip A. Brimmer. It is further

**ORDERED** that Civil Action Nos. 09-cv-00215 and 09-cv-00296 shall hereafter be referred to the magistrate judge assigned to the lowest numbered case, Magistrate Judge Craig B. Shaffer. It is further

**ORDERED** that all future pleadings and other papers in these consolidated actions shall be filed in this case only and shall be captioned as shown below:

_____

Civil Case No. 09-cv-00200-PAB-CBS

(Consolidated with Civil Action Nos. 09-cv-00215-PAB-CBS and 09-cv-00296-PAB-CBS)

In re LEVEL 3 COMMUNICATIONS, INC. SECURITIES LITIGATION
_____

DATED February 24, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge