IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00200-PAB-CBS

(Consolidated with Civil Action Nos. 09-cv-00215-PAB-CBS, 09-cv-00296-PAB-CBS, and 09-cv-00606-PAB-CBS)

In re LEVEL 3 COMMUNICATIONS, INC. SECURITIES LITIGATION
_____

**ORDER DENYING MOTION FOR RECONSIDERATION**
_____

This matter is before the Court on a motion for reconsideration filed by Southeastern Pennsylvania Transportation Authority, Dennis Elko, and Douglas B. Nedry (collectively, the "Movants") [Docket No. 57].  The Movants request that the Court reconsider its May 4, 2009 appointing Mr. William A. Poppo as lead plaintiff in this matter and denying the Movants' motion to be appointed as lead plaintiff.

"[E]very order short of a final decree is subject to reopening at the discretion of the district judge."  *Price v. Philpot*, 420 F.3d 1158, 1167 n. 9 (10th Cir.2005).  However, to warrant relief from an interlocutory order, "a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F.Supp.2d 1250, 1256 (D.Colo.2000).  A motion to reconsider "is not at the disposal of parties who want to 'rehash' old arguments'" and the motion "should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence."  *Id.* (alterations omitted).

Movants argue that reconsideration is appropriate because two of them allegedly

1

sustained a larger financial loss from transactions in the stock of Level 3 Communications, Inc. during the class period than Mr. Poppo. Movants also contend that the Court overlooked case law allowing groups to be appointed as lead plaintiff. Neither of these grounds suggests that reconsideration is appropriate. The relative financial losses of each of the Movants, along with that of lead plaintiff Mr. Poppo, were discussed in the lead plaintiff motion papers and duly considered by the Court. If any one of the Movants desired selection as lead plaintiff individually, that issue could have been raised explicitly in their original motion. No new facts are before the Court on this issue. Nor have the Movants pointed to any controlling precedent demonstrating a manifest error of law in the Court's May 4, 2009 Order with respect to consideration of the propriety of appointing Movants as lead plaintiff in the manner that they requested – as a group. The Movants' argument that the Court overlooked precedent allowing a group to be selected as lead plaintiff is similarly without merit, and their citation of other instances in which groups were appointed as lead plaintiff without any attempt to demonstrate how the facts of such cases are similar to this one does little to further the Movants' position.

Accordingly, it is

**ORDERED** that the motion for reconsideration [Docket No. 57] is DENIED.

DATED May 29, 2009.

                BY THE COURT:

                s/Philip A. Brimmer
                PHILIP A. BRIMMER
                United States District Judge