**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 8, 2009**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

| | |
|---|---|
| In re: <br><br> SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY; DENNIS ELKO; DOUGLAS B. NEDRY, <br><br> Petitioners. | No. 09-1242 <br> (D.C. No. 1:09-CV-00200-PAB-CBS) <br> (D. Colo.) |

---

**ORDER**

---

Before **BRISCOE**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

Southeastern Pennsylvania Transportation Authority, Dennis Elko, and Douglas B. Nedry ask this court to direct the district court to appoint the Level 3 Plaintiffs Group as lead plaintiff or, alternatively, recognize Mr. Nedry as the presumptively most adequate lead plaintiff in a proposed class action against Level 3 Communications, Inc. *See* Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for appointment of lead plaintiff).

"[A] writ of mandamus is a drastic remedy, and is to be invoked only in extraordinary circumstances." *In re Antrobus,* 519 F.3d 1123, 1124 (10th Cir. 2008) (quotation omitted). It "is used only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority

when it is its duty to do so." *In re Cooper Tire & Rubber Co.* No. 07-4264, 2009 WL 1594002, *4 (10th Cir. June 9, 2009) (quotation omitted). "Only exceptional circumstances, amounting to a judicial usurpation of power, will justify the invocation of this extraordinary remedy." *Id.* (quotation omitted). "Three conditions must be met before a writ of mandamus may issue": (1) "the party seeking issuance of the writ must have no other adequate means to attain the relief he desires"; (2) "the petitioner must demonstrate that his right to the writ is clear and indisputable"; and (3) "the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id.* (citations and quotations omitted).

As a general proposition, petitioners' request may be an appropriate issue to raise on mandamus. *See Christensen v. United States Dist. Court*, 844 F.2d 694, 697 & n.5 (9th Cir. 1988). After a review of the parties' filings, however, we decline to grant mandamus relief in this case. Petitioners have not demonstrated that they had a clear and indisputable right to appointment as lead plaintiff or that the district court had a clear duty to rule in their favor.

The petition for a writ of mandamus is DENIED.

Entered for the Court,

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk