# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00200-PAB-CBS

(Consolidated with Civil Action Nos. 09-cv-00215-PAB-CBS; 09-cv-00296-PAB-CBS and 09-cv-00606-PAB-CBS)

In re LEVEL 3 COMMUNICATIONS, INC. SECURITIES LITIGATION

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION
REQUESTING JUDICIAL NOTICE (DOCKET NO. 77)**

Lead plaintiff William A. Poppo ("plaintiff"), by and through his attorneys, hereby responds to Defendants' Motion Requesting Judicial Notice ("Motion") (Doc. No. 77), filed simultaneously with Defendants' Combined Motion and Brief to Dismiss Plaintiff's Consolidated Complaint (Doc. No. 74) ("Motion to Dismiss" or "MTD").

In connection with their Motion to Dismiss, defendants ask this Court to take judicial notice of certain documents attached as Exhibits A through O to the Declaration of Brian Hoffman in Support of Defendants' Combined Motion and Brief to Dismiss Plaintiff's Consolidated Complaint ("Hoffman Decl.") (Doc. No. 75). Plaintiff agrees that the Court may properly consider evidence outside the pleadings that is undisputedly authentic or which plaintiff specifically incorporated by reference into his Complaint. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"); *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997) (where a document is specifically referenced in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy of the document to the court to be considered on a motion to dismiss). However, in the Tenth Circuit these documents may only be considered to demonstrate their contents, not to establish the ***truth*** of the matters asserted therein. *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006); *see also* Fed. R. Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute").

Disregarding this principle, defendants improperly offer the Exhibits, along with an inaccurate version of their contents, to present an alternative account of the facts that is completely

outside of those alleged in the Complaint. For example, defendants cite to Exhibits A, B, C and H for their contention that they expressly disclosed to the market that the WilTel integration was ongoing and would continue into 2007 and 2008. *See* MTD at 3, 8. Yet, in Exhibit H, an October 17, 2006 press release, defendants merely confirmed that the integration of WilTel acquisition was substantially complete and was "under budget and ahead of schedule." Hoffman Decl., Ex. H at 1. In the February 7, 2007 conference call transcript (Exhibit B), defendants respond to a two-part analyst statement that "metro acquisitions are largely done" and "WilTel is out of the way," by stating that "for the *metro acquisitions*" much of the integration activity would occur in 2007. Hoffman Decl., Ex. B at 14. Contrary to defendants' implication, the transcript does not state that the major WilTel integration efforts would continue throughout 2007 and 2008. MTD at 3.[1]

Defendants engage in the same mischaracterizations of the October 24, 2006 conference call transcript (Exhibit A) which defendants argue discloses the integration of WilTel's provisioning systems would "continue throughout" and "likely would not finish until after 2007." MTD at 3, 8. Here again defendants conflate the statements made during the conference call about the WilTel integration with statements about the "metro integrations." ¶92; Hoffman Decl., Ex. A at 5. Defendants ignore that with regard to WilTel, they specifically told investors, without qualification, that the WilTel integration was continuing to run ahead of plan and under budget and that a majority of the integration was complete. ¶92; Hoffman Decl., Ex. A at 5.

---

[1] The same is true for defendants' reliance on Exhibit B at 5; MTD at 8. Again, during this portion of the conference call defendants were speaking about the integration of the metro ring acquisitions and not the WilTel integration.

Defendants also improperly use Exhibit A, together with blatant mischaracterizations of the Complaint's allegations, to assert that WilTel's "provisioning systems" were part of the "'back office'" systems and that the integration "would 'take some time.'" MTD at 8. In truth the Complaint alleges the provisioning systems were part of the "middle office" integration. ¶¶11, 17-18. However, defendants ignore this and use their contrived allegation to claim that their statement "collapsing all **back office** systems on to a single set of desired end state systems will take some time" disclosed to investors that the WilTel integration was ongoing. Defendants are wrong. *See* MTD at 8; Hoffman Decl., Ex. A at 5. At this stage of the case, the Court does not determine factual disputes, rather it must accept as true the factual allegations in the Complaint and all reasonable inferences that can be drawn therefrom. *Tellabs*, 551 U.S. at 322.[2]

Lastly, the April 26, 2007 transcript (Exhibit C) says nothing about the integration of WilTel. Nor does it correct previous statements that the integration of WilTel was substantially complete. Hoffman Decl., Ex. C at 6.

---

[2] In defendants' motion to dismiss, defendants incorrectly rely on *In re Stac Elecs. Sec. Litig*, 89 F.3d 1399, 1405 (9th Cir. 1996) *Halperin v. eBanker USA.COM, Inc*., 295 F.3d 352, 361 (2d Cir. 2002) for the proposition that no liability exists when a company discloses alleged omitted information. MTD at 9. Defendants' are wrong. Neither case deals with this point, rather, both cases deal with the adequacy of the defendants' risk disclosures and cautionary language contained in public filings which is an entirely different defense that also has no merit here. *See* Plaintiff's Opposition to Defendants' Combined Motion to Dismiss Plaintiff's Consolidated Complaint at 9. Defendants' reliance on *In re FX Energy, Inc.*, No. 2:07-CV-874, 2009 U.S. Dist. LEXIS 54551 (D. Utah June 25, 2009) for the same proposition is also misplaced. MTD at 9. In *FX Energy* the court found the defendants' statements were not actionable under section 10(b) because the statements themselves did not involve direct misrepresentations of existing fact, unlike defendants' statements in this case. *Id*. at *26-*27.

For all of these reasons, while the Court may judicially notice Exhibits A through J and O, it may not do so for the truth of the matters asserted therein and should not rely on defendants' self-serving mischaracterizations of their contents. Thus, plaintiff respectfully requests that the Court disregard defendants' improper use of the Exhibits in evaluating defendants' motion to dismiss.

Plaintiff does object to the request for judicial notice of Exhibits K and L which are not mentioned in the Complaint and are proffered solely to establish the purported "true" reason for defendants' stock sales (MTD at 14) and Exhibit K to the extent it is the basis for defendants' arguments regarding the purported percentages of retained shares. *See* MTD at 15; Hoffman Decl., ¶¶12, 17-27; *see, e.g.*, Exhibit K (containing defendant Crowe's own claim that certain sales were used to pay taxes).[3] Because these facts are unquestionably subject to reasonable dispute, they may not be judicially noticed by this Court. *See* Fed. R. Evid. 201(b).

Finally, plaintiff objects to judicial notice of Exhibits M and N since defendants ask the Court to accept their contents as the true factual basis for any executive bonuses. *See* MTD at 15-16; Hoffman Decl., ¶¶14-15. Again, the content of Exhibits K through N concern factual matters which are at minimum "subject to reasonable dispute." Fed. R. Evid. 201(b). Under controlling Tenth Circuit authority, defendants may not use these documents to establish disputed facts or to argue for

---

[3] Contrary to defendants' contention, there is no evidence that such sales were "automatic." MTD at 14-15. And even if the attached documents contained such an assertion, the Court could not consider them for the truth of the matter asserted therein. *See Tal*, 453 F.3d at 1265 n.24.

- 4 -

unwarranted, favorable inferences – particularly in the context of a motion to dismiss. *See Tal*, 453 F.3d at 1265 n.24.[4]

For these reasons, the Court should refuse to judicially notice Exhibits K through N (including Hoffman Decl., ¶¶17-27) and notice Exhibits A through J and O for the sole purpose of determining what they say and not the truth of the matters asserted therein.

DATED: August 28, 2009

Respectfully submitted,

COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
HENRY ROSEN
TRIG R. SMITH
LAURIE L. LARGENT
JULIE A. KEARNS

s/ HENRY ROSEN
HENRY ROSEN

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

JOHNSON BOTTINI, LLP
FRANCIS A. BOTTINI, JR.
ALBERT Y. CHANG
655 West Broadway, Suite 1400
San Diego, CA 92101
Telephone: 619/230-0063
619/233-5535 (fax)

---

[4] Under the Private Securities Litigation Reform Act discovery is stayed in this action pending the resolution of the motion to dismiss. *See* 15 U.S.C. §78u-4(b)(3)(B). Plaintiff is therefore limited in his ability to challenge the disputed factual matters inappropriately raised by defendants in their Motion.

Co-Lead Counsel for Plaintiffs

DYER & BERENS LLP
ROBERT J. DYER
JEFFREY A. BERENS
682 Grant Street
Denver, CO  80203-3507
Telephone:  303/861-1764
303/395-0393 (fax)
bob@dyerberens.com
jeff@dyerberens.com

Liaison Counsel

S:\CasesSD\Level 3 09\BRF00061372.doc

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 28, 2009.

        s/ HENRY ROSEN
        HENRY ROSEN

        COUGHLIN STOIA GELLER
           RUDMAN & ROBBINS LLP
        655 West Broadway, Suite 1900
        San Diego, CA  92101-3301
        Telephone:  619/231-1058
        619/231-7423 (fax)

        E-mail: henryr@csgrr.com

## Mailing Information for a Case 1:09-cv-00200-PAB-CBS

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey Allen Berens**
  jeffreyberens@comcast.net,jeff@dyerberens.com

- **Francis A. Bottini , Jr**
  frankb@johnsonbottini.com,paralegal@johnsonbottini.com

- **Albert Y. Chang**
  albertc@johnsonbottini.com,paralegal@johnsonbottini.com

- **Robert J. Dyer , III**
  bob@dyerberens.com

- **Jordan D. Eth**
  jeth@mofo.com,bfaust@mofo.com,nurbina@mofo.com

- **Rusty Evan Glenn**
  rusty@shumanlawfirm.com

- **David P. Hersh**
  dhersh@burgsimpson.com,dnordstrom@burgsimpson.com

- **Brian Neil Hoffman**
  bhoffman@mofo.com,bfaust@mofo.com

- **Seth Alan Katz**
  skatz@burgsimpson.com,bgeorge@burgsimpson.com

- **Steven M. Kaufmann**
  skaufmann@mofo.com,tsthilaire@mofo.com

- **Julie A. Kearns**
  jkearns@csgrr.com

- **Laurie L. Largent**
  llargent@csgrr.com

- **Lon Angelo Licata**
  lon.licata@level3.com,lonamy@comcast.net

- **Kristin A. Martinez**
  kristin@dyerberens.com

- **Henry Rosen**
  henryr@csgrr.com,dianah@csgrr.com,e_file_sd@csgrr.com

- **Kip Brian Shuman**
  kip@shumanlawfirm.com,rusty@shumanlawfirm.com,lisa@shumanlawfirm.com

- **Trig Randall Smith**
  trigs@csgrr.com,stremblay@csgrr.com,e_file_sd@csgrr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`