IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00200-PAB-CBS

*(Consolidated with Civil Action Nos. 09-cv-00215, 09-cv-00296, and 09-cv-00606)*

In re LEVEL 3 COMMUNICATIONS, INC. SECURITIES LITIGATION

---

**REPLY IN SUPPORT OF DEFENDANTS' MOTION
REQUESTING JUDICIAL NOTICE**

---

Defendants' Motion Requesting Judicial Notice ("RJN Motion," docket 77) demonstrated that the Court should take judicial notice of Exhibits A through O, submitted as attachments to the Declaration of Brian Hoffman ("Hoffman Declaration," docket 75), and the matters stated in the Hoffman Declaration when ruling on Defendants' Combined Motion and Brief to Dismiss Plaintiffs' Consolidated Complaint ("Motion to Dismiss," docket 74).

Plaintiff's Response to the RJN Motion ("RJN Response," docket 83) agrees "that the Court may properly consider evidence outside the pleadings" when ruling on the Motion to Dismiss.  (RJN Response at 1.)  Plaintiff does not question the authenticity or accuracy of any exhibit.  Plaintiff does not dispute that the exhibits are all publicly available documents "capable of accurate and ready determination."  Fed. R. Evid. 201(b).  Rather, as to certain exhibits, plaintiff asserts narrow objections, each of which is unfounded.

**Exhibits A-J, O**

Plaintiff's RJN Response agrees that "the Court may judicially notice Exhibits A through J, and O" and consider them when ruling on the Motion to Dismiss.  (RJN Response at 4.)  Plaintiff only argues that the Court "may not do so for the truth of the matters asserted therein."

1

dn-155133

(*Id.*)  This hearsay objection is irrelevant to the propriety of considering these documents on a

motion to dismiss.  Moreover, the objection is unfounded because defendants did not offer the

documents for their truth.  As detailed in the Motion to Dismiss and reply in support thereof,

plaintiff misstates and ignores defendants' actual Class Period disclosures.  Defendants offer the

actual disclosures for completeness – to show that they did not make the misstatements and

omissions that plaintiff claims – and not to demonstrate the disclosures' veracity.  When ruling

on motions to dismiss securities cases, courts regularly consider the full context of challenged

statements, including text not cited in the complaint.  *See Grossman v. Novell, Inc.*, 120 F.3d

1112, 1121 (10th Cir. 1997); *In re FX Energy, Inc. Sec. Litig.*, No. 2:07-CV-874CW, 2009 WL

1812828, at *7-8 (D. Utah June 25, 2009); (RJN Motion at ¶¶ 4, 5 (citing cases)).[1]

### Exhibits K-N and Hoffman Declaration ¶¶ 17-27

Plaintiff objects to the request for judicial notice of Exhibits K through N and Hoffman

Declaration ¶¶ 17-27, again on the ground that defendants offered them for their truth.  Plaintiff

again misses the mark with his hearsay argument.

First, plaintiff's Complaint relies on and quotes Exhibits M and N – both Level 3 proxy

statements – to argue that defendants' bonuses were tied to the challenged statements.  (*See* CC

¶¶ 155-156.)  Defendants again offer the full text of these proxy statements for completeness, to

counter plaintiff's mischaracterizations of the bonuses.  Plaintiff cannot simultaneously

---

[1] The RJN Response also objects to "defendants' self-serving mischaracterizations of [the documents'] contents."  (RJN Response at 4.)  The RJN Response includes pages of argument that belonged in plaintiff's response to the Motion to Dismiss, rather than in the opposition to judicial notice.  (*See id.* at 1-3.)  In any event, defendants submitted the documents so that the Court could have the complete context of the challenged statements, rather than plaintiff's selected excerpts.

dn-155133

selectively quote from and seek to exclude Exhibits M and N.  "If the rule were otherwise, a

plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a

dispositive document upon which the plaintiff relied."  (RJN Motion at ¶ 4, citing *City of*

*Philadelphia v. Fleming Cos.*, 264 F.3d 1245, 1251 n.4 (10th Cir. 2001).)

Second, although the Complaint does not refer by name to defendants' Forms 4 (Ex. K),

plaintiff relies on parts of these SEC filings to allege the amounts of stock sold during the Class

Period for defendants Crowe, O'Hara, Patel, and Miller.  (*See* CC ¶¶ 159-163; *see also id.* ¶ 1.)

Plaintiff, however, ignores a critical footnote in each Form 4 indicating that the sales were made

"to pay withholding taxes."  (Ex. K.)  To counter any suggestion that the sales reflected a

contemporaneous decision to sell, defendants provided another Level 3 SEC filing (Ex. L)

demonstrating the automatic nature of the sales.  Plaintiff does not allege any contrary facts

about these sales; he simply asks the Court to ignore these undisputed and publicly-ascertainable

matters.[2]  Such filings "are routinely accepted by courts on motions to dismiss securities fraud

complaints and are considered for the truth of their contents."  *Harold Malin & Sandra Joan*

*Malin Revocable Trust v. XL Capital Ltd.*, 499 F. Supp. 2d 117, 133 (D. Conn. 2007) (citing

cases); *see also* Fed. R. Evid. 803(6) and 807.

Third, for these same reasons, the Court may also consider the calculations of total stock

holdings sold during the Class Period that are contained in the Hoffman Declaration ¶¶ 17-27.

These arithmetic calculations involve data available in the public domain.  Plaintiff does not

---

[2] Plaintiff argues that the Reform Act's discovery stay somehow limits his "ability to challenge the disputed factual matters" supposedly raised by defendants. (*See* RJN Response at 5, n.4.)  As stated, defendants did not raise any matters that plaintiff cannot address:  The proffered exhibits are all publicly available documents.

3

argue that the calculations are inaccurate or misleading.

For the reasons stated in the RJN Motion and this reply, defendants respectfully request

that the Court consider and take judicial notice of the documents submitted as exhibits to, and

matters stated in, the Hoffman Declaration when ruling on defendants' Motion to Dismiss.

Dated: September 21, 2009

Respectfully submitted,

s/ Brian Neil Hoffman

Steven M. Kaufmann
Brian Neil Hoffman
Morrison & Foerster LLP
5200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202-5638
Telephone:  303.592.1500
Facsimile:  303.592.1510
Email: SKaufmann@mofo.com
        BHoffman@mofo.com

Jordan Eth
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105-2482
Telephone:  415.268.7000
Facsimile:  415.268.7522
Email: JEth@mofo.com

*Attorneys for defendants*

4

dn-155133

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Kip Brian Shuman | kip@shumanlawfirm.com |
| Rusty Evan Glenn | rusty@shumanlawfirm.com |
| Jeffrey Allen Berens | jeff@dyerberens.com |
| Robert J. Dyer, III | bob@dyerberens.com |
| Lon Angelo Licata | Lon.licata@level3.com |
| Seth A. Katz | skatz@burgsimpson.com |
| David P. Hersh | dhersh@burgsimpson.com |
| Trig Randall Smith | trigs@csgrr.com |
| Julie A. Kearns | jkearns@csgrr.com |
| Kristin A. Martinez | kristin@dyerberens.com |
| Laurie L. Largent | llargent@csgrr.com |
| Henry Rosen | henryr@csgrr.com |
| Albert Y. Chang | albertc@johnsonbottini.com |
| Francis A. Bottini, Jr. | frankb@johnsonbottini.com |

s/ Brian Neil Hoffman
Steven M. Kaufmann
Brian Neil Hoffman
Morrison & Foerster LLP
5200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202-5638
Telephone:  303.592.1500
Facsimile:  303.592.1510
Email: SKaufmann@mofo.com
          BHoffman@mofo.com

Jordan Eth
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105-2482
Telephone:  415.268.7000
Facsimile:  415.268.7522
Email: JEth@mofo.com

*Attorneys for defendants*

5

dn-155133