# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00200-PAB-CBS

(Consolidated with Civil Action Nos. 09-cv-00215-PAB-CBS; 09-cv-00296-PAB-CBS and 09-cv-00606-PAB-CBS)

In re LEVEL 3 COMMUNICATIONS, INC. SECURITIES LITIGATION

**LEAD PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

367446_1

- i -

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................................1

II. BACKGROUND AND NATURE OF MOTION ..................................................................2

    A. Factual Background ....................................................................................................2

    B. Procedural Background................................................................................................2

    C. Nature of the Amendment............................................................................................3

    D. Standard for Granting Leave to Amend.......................................................................4

    E. Justice Requires that Leave to File the Proposed Complaint Be Granted ...............6

III. CONCLUSION.......................................................................................................................8

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 15(a), Lead Plaintiff William Poppo ("Lead Plaintiff") hereby requests leave to file the Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws, which is attached to this motion as Exhibit A ("Proposed Complaint").

Since the filing of Lead Plaintiff's Consolidated Amended Class Action Complaint on June 29, 2009 (the "Prior Complaint"), substantial new information has come to light supporting the allegations that defendants Level 3 Communications, Inc. ("Level 3" or the "Company"), Level 3's CEO, James Q. Crowe, Level 3's Chairman of the Board, Walter Scott, Jr., Level 3's Chief Operating Officer, Kevin J. O'Hara, Level 3's Chief Financial Officer, Sunit S. Patel, and Level 3's Executive Vice President and Vice Chairman of the Board, Charles "Buddy" C. Miller, III (collectively, "defendants"), made false and misleading statements to investors regarding the integration of Level 3's acquired companies with actual knowledge or reckless disregard of the falsity of their statements. These new facts were discovered as a result of Lead Plaintiff's continued diligent investigation since the filing of the Prior Complaint.

Based on these newly discovered facts, Lead Plaintiff hereby requests leave to add allegations of confidential sources which corroborate defendants' alleged fraud and new allegations detailing internal Company reports that tracked each metric of the integration of the acquired companies showing the network integration of WilTel Communications Group, LLC ("WilTel") was underfunded and far behind schedule, contrary to what defendants were telling investors. The Proposed Complaint also adds allegations showing that defendants' Class Period statements that "Level 3 is a logical consolidator with proven integration experience" were demonstrably false given the true facts provided by numerous and reliable confidential sources and the regularly distributed

internal Company reports that showed defendants knew Level 3 had not completed the WilTel network integration.

Lead Plaintiff notified the Court in a timely fashion that it had discovered new evidence directly relevant to the key elements of falsity and scienter and that it intended to amend its Prior Complaint. Additionally, pursuant to D.C.COLO.LCivR 7.1(A), on February 26, 2010 Lead Plaintiff's counsel emailed a draft copy of this Motion to Amend and a draft proposed Amended Complaint to defendants' counsel in an effort to meet and confer on the issues raised herein. On March 1, 2010 defendants' counsel responded stating that they were unable to confer with their clients on the matter and therefore would be responding to Lead Plaintiff's Motion to Amend.

## II.     BACKGROUND AND NATURE OF MOTION

### A.     Factual Background

This class action is brought under the Securities Exchange Act of 1934 ("Exchange Act" or "1934 Act"), on behalf of purchasers or acquirors of Level 3 securities between October 17, 2006 and October 23, 2007, inclusive (the "Class Period"). On June 29, 2009, Lead Plaintiff filed its Prior Complaint alleging that defendants defrauded investors by making a series of false and misleading statements concerning Level 3's business condition and performance. Specifically, the Prior Complaint alleged defendants failed to disclose Level 3's business had been materially and adversely impacted by defendants' failure to timely and efficiently integrate several major acquisitions, including WilTel.

### B.     Procedural Background

On February 2, 2009, the first of several complaints was filed with the Court. On May 4, 2009, the Court appointed William Poppo as Lead Plaintiff pursuant to the Private Securities

Litigation Reform Act of 1995 (the "PSLRA"). On July 29, 2009, defendants filed a motion to dismiss the Prior Complaint. On August 28, 2009, Lead Plaintiff filed an opposition to the motion to dismiss, and defendants filed their reply in support of their motion to dismiss on September 21, 2009. The Court has not issued a ruling on the motion to dismiss, nor has any hearing on that motion been noticed. No discovery has been propounded in this action due to the discovery stay imposed by the PSLRA. *See* 15 U.S.C. §78c-4(b)(3)(B).

### C. Nature of the Amendment

The majority of the new information in the Proposed Complaint, which was discovered by Lead Plaintiff's counsel after the briefing for defendants' motion to dismiss, provides further incriminating detail to the allegations regarding defendants' false statements to the market during the Class Period with actual knowledge or reckless disregard of the truth. These new allegations provide an even stronger inference that defendants engaged in the unlawful course of conduct set forth in the Prior Complaint.

First, the Proposed Complaint contains additional details concerning the actual, but undisclosed, status of the network integration of WilTel during the Class Period, as well as how problems with Steps 1 and 4 of the network integration of the acquired businesses directly affected Level 3's ability to complete information technology integration of all relevant acquisitions (*see, e.g.*, ¶¶109-110, 136-141, 165).

Second, the Proposed Complaint contains new allegations showing that as an intensively metrics driven organization, senior executives at Level 3, including defendants, were kept well informed about every aspect of the integration. Specifically, the Proposed Complaint identifies by name numerous recurring reports prepared to monitor each operational metric of the acquired

- 3 -

367446_1

companies' integration, as well as the capital expenditures and budget set for network integration tasks (*see, e.g.*, ¶¶136-141, 181).

Third, the Proposed Complaint includes new detailed information concerning Lead Plaintiff's confidential sources – former Level 3 employees who worked at the Company during the Class Period and have direct knowledge of the facts surrounding defendants' alleged fraud, some of whom were directly responsible for network integration tasks (*see, e.g.*, ¶¶163-180).

Fourth, the Proposed Complaint sets forth detailed additional allegations concerning the processes and procedures governing the network integration of each of the acquired businesses, as well as the interaction and interdependencies between network integration and information technology integration projects (*see, e.g.*, ¶¶108-110).

Finally, the Proposed Complaint includes details concerning how Level 3 was actually missing budgeted network expense synergies by millions of dollars per month during the Class Period, rather than experiencing reductions in network expenses defendants claimed (*see, e.g.*, ¶165).

### D.     Standard for Granting Leave to Amend

The question of whether a district court should grant leave to file an amended complaint is governed by Fed. R. Civ. P. 15(a). That subsection provides in pertinent part:

> (a) **Amendments Before Trial** [a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading; or . . . within 20 days after serving the pleading . . . . ***In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires***.[1]

---

[1]     Unless otherwise noted, all emphasis is added and internal citations are omitted.

- 4 -

Because Rule 15(a) itself provides that leave shall be "freely" given to accomplish justice, it is well-settled that Rule 15(a) should be applied liberally to permit amendment, so that cases may be decided on their merits:

> Although permission to amend a pleading is not automatic, court approval to amend, should be given "freely . . . when justice so requires." Denial of leave to amend is disfavored; and a district judge should grant leave absent a substantial reason to deny. A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)(2). . . . In exercising its discretion, the court should be guided by the underlying purpose of allowing amendments to facilitate a decision on the merits. The policy in favor of allowing amendments is extremely liberal. Because the text of Rule 15(a)(2) unequivocally requires the court to grant leave to amend liberally.

3 James Wm. Moore, et al., *Moore's Federal Practice - Civil* §15.14(1) (3d ed. 2009).

"The 'decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion . . . .'" *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799-80 (10th Cir. 1998); *Moore's*, *supra*, §15.l5(1). Indeed, courts in this District routinely grant leave to amend a complaint when a motion to dismiss has already been filed but not yet decided. *See Hull v. Colo. State Univ.*, No. 08-cv-00198-PAB-MJW, 2010 U.S. Dist. LEXIS 13333, at *6, *13 (D. Colo. Feb. 2, 2010) (Brimmer, J.) (granting motion to amend complaint based on plaintiff's discovery of additional facts and denying pending motion to dismiss as moot); *Corporate Stock Transfer, Inc. v. AE Biofuels, Inc.*, No. 09-cv-01013-CMA-KMT, 2009 U.S. Dist. LEXIS 99754, at *27 (D. Colo. Oct. 13, 2009) (granting leave to amend complaint when motion to dismiss was pending, noting "the interests of judicial economy and efficiency are promoted by permitting amendment and subsequent abandonment of the motion to dismiss or its reassertion with arguments addressing all claims, if appropriate"); *Bayview Loan Servicing, LLC v. Boland*, No. 08-cv-00566-WDM-KLM, 2008 U.S. Dist. LEXIS 69168, at *4-*5 (D. Colo. Aug. 29, 2008) (granting plaintiff's motion for leave to

amend complaint despite defendants' request that the court deny the motion as premature, or hold it in abeyance pending a ruling on the motion to dismiss).

      **E.**    **Justice Requires that Leave to File the Proposed Complaint Be Granted**

Here, the Proposed Complaint clearly demonstrates that this motion is in the interests of justice. As discussed above, the Proposed Complaint includes more detailed facts regarding defendants' fraud, including facts supporting scienter, which more than adequately meet the pleading standards for securities fraud. Lead Plaintiff has not been dilatory in seeking amendment. *See Foman v. Davies*, 371 U.S. 178, 182 (1962) (a court can only deny leave to amend if there is undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice or the amendment is futile). As described above, the briefing on defendants' motion to dismiss was concluded approximately five months ago and the Court has not yet ruled on the motion. Further, Lead Plaintiff's investigation of the fraud continues and the new facts that form the primary basis of the proposed amendment came to light after briefing on the motion was complete.

Lead Plaintiff has shown no bad faith in seeking amendment. First, Lead Plaintiff sought leave to amend promptly after discovering the new evidence. Second, the amendment provides further factual support for and expands upon the allegations already made in the Prior Complaint, and seeks to protect the putative class's interests.

Furthermore, this case is in its earliest stages – with discovery not having been commenced – it is clear that amendment presents no prejudice to defendants. If amendment is permitted, defendants will have ample time to augment any planned discovery requests in consideration of the new facts alleged in the Proposed Complaint. In any event, the proposed amendment also serves to greatly augment the previously-pleaded factual support. Thus, defendants face no radical change in

the theory of Lead Plaintiff's case. Requiring defendants to answer for the full effect of their wrongs does not amount to the undue prejudice necessary to defeat a motion for leave to amend.

Moreover, the proposed amendment is not futile, as the Proposed Complaint adds even greater detail as to the falsity of defendants' Class Period statements and how they knew these statements were false at the time they were made. The Proposed Complaint introduces specific recurring Company reports prepared from Level 3 executives that show the Company was a metrics driven Company that tracked each operational metric, capital expenditures and budget associated with the integration. The Proposed Complaint further provides detailed allegations concerning Lead Plaintiff's confidential sources – numerous former Level 3 employees who were directly involved in the integration of the acquired businesses and, in many cases, had over 10 years of experience in Level 3's industry. The Proposed Complaint also sets forth why additional false statements made by defendants – *i.e.*, repeatedly assuring investors that Level 3 had "proven integration experience" – were also false. The reliable confidential sources and internal Company reports tracking each metric of the network integration of the acquired companies told a completely different story.

Finally, permitting amendment will not cause any undue delay, and is in the furtherance of justice. Once again, because this case is in its earliest stages, no cognizable harm can be suffered by defendants in permitting amendment. In any event, the propriety of amendment is further established when the possibility of some minor delay is weighed against the underlying purpose of allowing amendments to facilitate a decision on the merits. *See Foman*, 371 U.S. at 181.

Amendment for the purpose of adding the new information is necessary so that the controversy between the parties can be adjudicated in full.[2]

### III.  CONCLUSION

For the above stated reasons, the Court should grant Lead Plaintiff's Motion for leave to file the Proposed Complaint.

DATED:  March 1, 2010

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
HENRY ROSEN
TRIG R. SMITH
LAURIE L. LARGENT
JULIE A. KEARNS


                     s/ HENRY ROSEN
                      HENRY ROSEN

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

JOHNSON BOTTINI, LLP
FRANCIS A. BOTTINI, JR.
655 West Broadway, Suite 1400
San Diego, CA  92101
Telephone:  619/230-0063
619/233-5535 (fax)

Co-Lead Counsel for Plaintiffs

---

[2] The final *Foman* factor, namely, that of whether there has been a "repeated failure to cure deficiencies by amendments previously allowed," cannot support denial of leave to amend here, as the Court has not yet tested the sufficiency of Lead Plaintiff's pleadings. 371 U.S. at 182.

- 8 -

367446_1

- 9 -

DYER & BERENS LLP
ROBERT J. DYER
JEFFREY A. BERENS
303 East 17th Avenue, Suite 300
Denver, CO  80203
Telephone:  303/861-1764
303/395-0393 (fax)
bob@dyerberens.com
jeff@dyerberens.com

Liaison Counsel

367446_1

CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 1, 2010.

s/ HENRY ROSEN
HENRY ROSEN

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)
E-mail:  henryr@csgrr.com

367446_1

# Mailing Information for a Case 1:09-cv-00200-PAB-CBS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey Allen Berens**
  jeffreyberens@comcast.net,jeff@dyerberens.com

- **Francis A. Bottini , Jr**
  frankb@johnsonbottini.com,paralegal@johnsonbottini.com

- **Albert Y. Chang**
  albertc@johnsonbottini.com,paralegal@johnsonbottini.com

- **Robert J. Dyer , III**
  bob@dyerberens.com

- **Jordan D. Eth**
  jeth@mofo.com,bfaust@mofo.com,nurbina@mofo.com

- **Rusty Evan Glenn**
  rusty@shumanlawfirm.com

- **David P. Hersh**
  dhersh@burgsimpson.com,dnordstrom@burgsimpson.com,agoes@burgsimpson.com

- **Brian Neil Hoffman**
  bhoffman@mofo.com,bfaust@mofo.com

- **Seth Alan Katz**
  skatz@burgsimpson.com,bgeorge@burgsimpson.com

- **Steven M. Kaufmann**
  skaufmann@mofo.com,tsthilaire@mofo.com

- **Julie A. Kearns**
  jkearns@csgrr.com

- **Laurie L. Largent**
  llargent@csgrr.com

- **Lon Angelo Licata**
  lon.licata@level3.com,lonamy@comcast.net

- **Kristin A. Martinez**
  kristin@dyerberens.com

- **Henry Rosen**
  henryr@csgrr.com,dianah@csgrr.com,e_file_sd@csgrr.com

- **Kip Brian Shuman**
  kip@shumanlawfirm.com,rusty@shumanlawfirm.com

- **Trig Randall Smith**
  trigs@csgrr.com,e_file_sd@csgrr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`