**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 09-cv-00200-PAB-CBS

*(Consolidated with Civil Action Nos. 09-cv-00215, 09-cv-00296, and 09-cv-00606)*

In re LEVEL 3 COMMUNICATIONS, INC. SECURITIES LITIGATION

---

**DECLARATION OF BRIAN HOFFMAN IN SUPPORT
OF DEFENDANTS' COMBINED MOTION AND BRIEF TO
DISMISS PLAINTIFF'S AMENDED COMPLAINT**

---

I, Brian Hoffman, being of lawful age, declare as follows:

1.  I am an associate in the law firm of Morrison & Foerster LLP, which represents defendants Level 3 Communications, Inc. ("Level 3"); James Q. Crowe; Kevin J. O'Hara; Sunit S. Patel; Walter Scott, Jr.; and Charles "Buddy" C. Miller, III (collectively, "defendants") in the above-referenced matter. I am admitted to practice before this Court, and am one of the attorneys of record for defendants. I have personal knowledge of the matters stated in this Declaration.

2.  Attached as **Exhibit A** to this Declaration is a true and correct copy of Level 3's Form 8-K, which contains as exhibit 10.1 a "Form of Master Deferred Issuance Stock Agreement of Level 3 Communications, Inc.," filed with and available from the SEC, dated and filed on May 27, 2005.

3.  Attached as **Exhibit B** to this Declaration is a true and correct copy of a transcript entitled "Q2 2006 Level 3 Communications Earnings Conference Call" and dated July 25, 2006. This document is available from Thomson Reuters, among other sources. The Amended Consolidated Class Action Complaint ("Complaint") cites this document in paragraph 50.

4. Attached as **Exhibit C** to this Declaration is a true and correct copy of a Level 3 press release entitled "Level 3 to Acquire Broadwing Corporation" and dated October 17, 2006. This document is available from Level 3's website. The Complaint cites this document in paragraph 52.

5. Attached as **Exhibit D** to this Declaration is a true and correct copy of a transcript entitled "Level 3 to Acquire Broadwing Corporation" and dated October 17, 2006. This document is available from Thomson Reuters, among other sources. The Complaint cites this document in paragraphs 54-55.

6. Attached as **Exhibit E** to this Declaration is a true and correct copy of a transcript entitled "Q3 2006 Level 3 Communications Earnings Conference Call" and dated October 24, 2006. This document is available from Thomson Reuters, among other sources. The Complaint cites this document in paragraphs 58-59.

7. Attached as **Exhibit F** to this Declaration is a true and correct copy of Level 3's Form 10-Q for the fiscal quarter ended September 30, 2006, filed with and available from the SEC, dated and filed on November 9, 2006. The Complaint cites this document in paragraph 63.

8. Attached as **Exhibit G** to this Declaration is a true and correct copy of Level 3's Form 8-K, which contains as exhibit 99.1 a press release entitled "Level 3 Reports Fourth Quarter and Full Year 2006 Results," filed with and available from the SEC, dated and filed on February 8, 2007.

9. Attached as **Exhibit H** to this Declaration is a true and correct copy of a transcript entitled "Q4 2006 Level 3 Communications Earnings Conference Call" and dated February 8,

2007. This document is available from Thomson Reuters, among other sources. The Complaint cites this document in paragraphs 72-73.

10.     Attached as **Exhibit I** to this Declaration is a true and correct copy of Level 3's Form 10-K for the fiscal year ended December 31, 2006, filed with and available from the SEC, dated and filed on March 1, 2007.

11.     Attached as **Exhibit J** to this Declaration is a true and correct copy of Level 3's Schedule 14A (Definitive Proxy Statement), filed with and available from the SEC, dated and filed on April 18, 2007. The Complaint cites this document in paragraph 193.

12.     Attached as **Exhibit K** to this Declaration is a true and correct copy of a transcript entitled "Q1 2007 Level 3 Communications Earnings Conference Call" and dated April 26, 2007. This document is available from Thomson Reuters, among other sources. The Complaint cites this document in paragraphs 79-80.

13.     Attached as **Exhibit L** to this Declaration is a true and correct copy of a transcript entitled "Q2 2007 Level 3 Communications Earnings Conference Call" and dated July 26, 2007. This document is available from Thomson Reuters, among other sources. The Complaint cites this document in paragraphs 87-88.

14.     Attached as **Exhibit M** to this Declaration are true and correct copies of Forms 4 for James Crowe; Charles C. Miller, III; Kevin O'Hara; and Sunit Patel, all filed with and available from the SEC and reporting sales on May 1, July 2, and October 2, 2007. The Complaint alleges these sales in paragraph 199. The Forms 4 are organized in chronological order, based on transaction date, by defendant. Each of the Forms 4 contains a note (1) stating that the reported sale "[r]epresents shares of common stock sold by the Reporting Person to

generate cash proceeds to pay withholding taxes relating to the lapsing of restrictions on transfer associated with previously granted restricted stock units."

15.     Attached as **Exhibit N** to this Declaration is a true and correct copy of Level 3's Form 8-K, which contains as exhibit 99.1 a press release entitled "Level 3 Reports Third Quarter 2007 Results," filed with and available from the SEC, dated and filed on October 23, 2007.

16.     Attached as **Exhibit O** to this Declaration is a true and correct copy of Level 3's Schedule 14A (Definitive Proxy Statement), filed with and available from the SEC, dated and filed on April 4, 2008.  The Complaint cites this document in paragraphs 193-94.

17.     The Forms 4 in Exhibit M disclose the following sales of Level 3 common stock, which the Complaint alleges in paragraph 199:

| **James Q. Crowe** | |
| --- | --- |
| 7/2/2007 | 60,979 |
| 10/2/2007 | 12,306 |
| Total Class Period Sales: | 73,285 |

| **Charles C. Miller, III** | |
| --- | --- |
| 5/1/2007 | 46,713 |
| 7/2/2007 | 25,205 |
| 10/2/2007 | 5,089 |
| Total Class Period Sales: | 77,007 |

| **Kevin J. O'Hara** | |
| --- | --- |
| 5/1/2007 | 30,300 |
| 5/1/2007 | 11,550 |
| 5/1/2007 | 10,985 |
| 5/1/2007 | 4,600 |
| 7/2/2007 | 21,362 |
| 7/2/2007 | 13,300 |
| 10/2/2007 | 6,997 |
| Total Class Period Sales: | 99,094 |

| **Sunit S. Patel** | |
|---|---|
| 5/1/2007 | 35,380 |
| 5/1/2007 | 131 |
| 7/2/2007 | 19,899 |
| 10/2/2007 | 4,019 |
| Total Class Period Sales: | 59,429 |

18.     As explained below, these transactions represented the sale of the following percentage of each individual's total holdings during the Class Period (October 17, 2006 to October 23, 2007):

        (a)     Mr. Crowe:  1.00%

        (b)     Mr. Miller:  10.24%

        (c)     Mr. O'Hara:  4.62%

        (d)     Mr. Patel:  8.72%

19.     These percentages were calculated based on publicly-available information by: dividing (a) each individual's above-listed sales by (b) each individual's total beneficial holdings of Level 3 stock that could have been exercised during the Class Period ("Total Class Period Holdings").

20.     The Total Class Period Holdings were calculated as follows:

        (a)     The number of beneficial shares reported on page 45 of the 2007 proxy statement located at Exhibit J (the "2007 Proxy"), which shows the number of shares each individual held as of April 2, 2007 and that vest within 60 days, plus

        (b)     Additional common stock each individual acquired when restrictions lapsed on July 1 and October 1, 2007 for previously-granted restricted stock units, as reported in the 2007 Proxy, minus

5

(c) Outperform stock options ("OSOs") are reported on page 45 and 46 of the 2007 Proxy, located at Exhibit J. OSOs are excluded from the Total Class Period Holdings because the number of shares issuable upon exercise of the OSOs was subject to change based on the relationship between the price of Level 3's stock and the S&P 500 Index.

21. The Total Class Period Holdings do not include restricted stock units granted during the Class Period on July 1, 2007 and October 1, 2007 for which restrictions did not lapse during the Class Period, as reported in the proxy statement located at Ex. O (pages 32-33, 35-38).

22. The above method of calculation results in the following Total Class Period Holdings and percentages of total holdings sold during the Class Period:

(a) Mr. Crowe's Total Class Period Holdings were 7,358,716 shares. His Class Period sales (73,285 shares) divided by the Total Class Period Holdings equals 1.00%.

(b) Mr. Miller's Total Class Period Holdings were 752,230 shares. His Class Period sales (77,007 shares) divided by the Total Class Period Holdings equals 10.24%.

(c) Mr. O'Hara's Total Class Period Holdings were 2,146,688 shares. His Class Period sales (99,094 shares) divided by the Total Class Period Holdings equals 4.62%.

(d) Mr. Patel's Total Class Period Holdings were 681,248 shares. His Class Period sales (59,429 shares) divided by the Total Class Period Holdings equals 8.72%.

23. Mr. Crowe's Total Class Period Holdings were calculated as follows: The 2007 Proxy (Ex. J) reported that Mr. Crowe was the beneficial owner of 7,764,335 shares. After the 2007 Proxy, restrictions lapsed on restricted stock units for 148,437.5 and 29,687.5 shares on July 1, 2007 and October 1, 2007, respectively. (*See* Ex. J at 30, 32.) The sum of these amounts

(7,764,335 + 148,437.5 + 29,687.5) minus the 583,744 of OSOs reported in the 2007 Proxy (*see* Ex. J at 45) equals Total Class Period Holdings of 7,358,716.

24.     Mr. Miller's Total Class Period Holdings were calculated as follows:  The 2007 Proxy (Ex. J) reported that Mr. Miller was the beneficial owner of 914,480 shares.  After the 2007 Proxy, restrictions lapsed on restricted stock units for 59,375 and 11,875 shares on July 1, 2007 and October 1, 2007, respectively.  (*See* Ex. J at 31, 32.)  The sum of these amounts (914,480 + 59,375 + 11,875) minus the 233,500 of OSOs reported in the 2007 Proxy (*see* Ex. J at 46) equals Total Class Period Holdings of 752,230.

25.     Mr. O'Hara's Total Class Period Holdings were calculated as follows:  The 2007 Proxy (Ex. J) reported that Mr. O'Hara was the beneficial owner of 2,377,255 shares.  After the 2007 Proxy, restrictions lapsed on restricted stock units for 84,375 and 16,875 shares on July 1, 2007 and October 1, 2007, respectively.  (*See* Ex. J at 30, 32.)  These amounts (2,377,255 + 84,375 + 16,875) minus the 331,817 of OSOs reported in the 2007 Proxy (*see* Ex. J at 46) equals Total Class Period Holdings of 2,146,688.

26.     Mr. Patel's Total Class Period Holdings were calculated as follows:  The 2007 Proxy (Ex. J) reported that Mr. Patel was the beneficial owner of 1,004,887 shares.  After the 2007 Proxy, restrictions lapsed on restricted stock units for 48,437.5 and 9,687.5 shares on July 1, 2007 and October 1, 2007, respectively.  (*See* Ex. J at 30, 32.)  These amounts (1,004,887 + 48,437.5 + 9,687.5) minus the 381,764 of OSOs reported in the 2007 Proxy (*see* Ex. J at 45) equals Total Class Period Holdings of 681,248.

27. As stated, the above calculations exclude OSOs exercisable during the Class Period. Including the OSOs in each individual's Total Class Period Holdings would result in the following percentage of each individual's total holdings sold during the Class Period:

(a) Mr. Crowe: .92%

(b) Mr. Miller: 7.81%

(c) Mr. O'Hara: 4.00%

(d) Mr. Patel: 5.59%

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed in Denver, Colorado, on this 12th day of April, 2010.

/s/ Brian Neil Hoffman
Brian Neil Hoffman

CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Kip Brian Shuman | kip@shumanlawfirm.com |
| Rusty Evan Glenn | rusty@shumanlawfirm.com |
| Jeffrey Allen Berens | jeff@dyerberens.com |
| Robert J. Dyer, III | bob@dyerberens.com |
| Lon Angelo Licata | Lon.licata@level3.com |
| Seth A. Katz | skatz@burgsimpson.com |
| David P. Hersh | dhersh@burgsimpson.com |
| Trig Randall Smith | trigs@csgrr.com |
| Julie A. Kearns | jkearns@csgrr.com |
| Kristin A. Martinez | kristin@dyerberens.com |
| Laurie L. Largent | llargent@csgrr.com |
| Henry Rosen | henryr@csgrr.com |
| Albert Y. Chang | albertc@johnsonbottini.com |
| Francis A. Bottini, Jr. | frankb@johnsonbottini.com |

s/ Brian Neil Hoffman
Brian Neil Hoffman
Morrison & Foerster LLP
5200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202-5638
Telephone:  303.592.1500
Facsimile:  303.592.1510
Email:     BHoffman@mofo.com

dn-157979

9